IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IHSAN AYYAD | ) | |
| | ) | |
| Plaintiff | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| OGDEN MINUTEMAN, INC. | ) | |
| and ZUHAIR TADROS | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |

**COMPLAINT**

Plaintiff, as a Complaint against Defendants, alleges the following:

**NATURE OF THE CASE**

1. This is an action for wage theft and retaliatory discharge. Plaintiff worked at a gas station in Chicago operated by Defendant Ogden Minuteman, Inc., an Illinois corporation controlled by Musa Tadros, the CEO of Crown Properties. Defendants Ogden Minuteman and Zuhair Tadros, first cousin of Musa Tadros, employed Plaintiff as a gas station clerk.

2. Defendants paid Plaintiff only in cash. To cover up the cash payment scheme, which minimized payroll tax, unemployment tax, income tax, and other financial and regulatory obligations, Defendants created fraudulent pay stubs.

3. Defendants failed to pay Plaintiff overtime wages for his many hours worked in excess of forty in a single workweek, violating the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and Illinois Minimum Wage Law, 820 ILCS 105/1-105/15.

4. Defendants discharged Plaintiff for exercising his rights under the One Day Rest in Seven Day Act, 820 ILCS 140/1-140/9.

5. As a remedy, Plaintiff seeks the recovery of his unpaid overtime wages, liquidated and statutory damages, backpay and other make-whole relief, punitive damages, prejudgment interest, and attorney's fees and costs.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1337 (interstate commerce), and 29 U.S.C. § 216(b) (Fair Labor Standards Act).

7. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because they are so closely related to the federal claims that they form part of the same Article III case.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a Defendant resides in this District and a substantial part of the events and omissions at issue took place in this District.

## PARTIES

9. Plaintiff Ihsan Ayyad is an individual and a resident of Naperville, DuPage County, Illinois. During the period June 2014 to August 2016, Plaintiff worked at an Amstar gas station and convenience store located in Chicago, Illinois and operated by Defendant Ogden Minuteman, Inc.

10. Defendant Ogden Minuteman, Inc. ("Ogden Minuteman") is an Illinois corporation with its principal place of business in Chicago, Illinois.

11. The president and secretary of Ogden Minuteman is Musa Tadros, the CEO of Crown Properties, which owns a portfolio of over one million square feet of retail and office space in Chicago.

12. Musa Tadros is Defendant Zuhair Tadros' first cousin.

13. At all times relevant, Defendant Ogden Minuteman operated the gas station where Plaintiff worked.

14. At all times relevant, Defendant Ogden Minuteman was an enterprise as defined in Section 3(r)(l) of the Fair Labor Standards Act, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Fair Labor Standards Act, 29 U.S.C.§ 203(s)(1)(A).

15. At all times relevant, Defendant Ogden Minuteman was an "employer" as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(d) ("FLSA"), Illinois Minimum Wage Law, 820 ILCS 105/3(c) ("IMWL"), and One Day Rest in Seven Act, 820 ILCS 140/1.

16. Defendant Zuhair Tadros was at all times relevant the manager of Ogden Minuteman and responsible for its day-to-day business operations. Defendant Tadros supervised Plaintiff's employment; set Plaintiff's hours, wages, and work schedule; and discharged Plaintiff from his employment.

17. At all times relevant, Defendant Tadros was an "employer" as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(d), and Illinois Minimum Wage Law, 820 ILCS 105/3(c).

18. Defendants Ogden Minuteman and Tadros jointly employed Plaintiff under the FLSA and IMWL and are jointly and severally liable for the overtime violations alleged in this Complaint.

## FACTUAL ALLEGATIONS

19. During the period June 2014 to August 2016, Plaintiff worked at an Amstar gas station operated by Ogden Minuteman in Chicago, Illinois.

20. At all times relevant, Defendant Tadros managed and operated the gas station and convenience store and supervised Plaintiff's employment.

21. Plaintiff's job was that of a gas station and convenience store clerk.

22. Plaintiff's work was covered by the overtime mandates of federal and state law. Plaintiff's job did not fall under any FLSA or IMWL exemption.

23. Plaintiff's work was also covered by the mandates of the One Day Rest in Seven Act. Plaintiff's job did not fall under any exemption from the Act.

24. Under Tadros' management, Plaintiff regularly worked in excess of 40 hours each workweek.

25. Plaintiff's customary work schedule resulted in 60 to 80 hours of work each week.

26. Plaintiff's typical work shifts were approximately 13 hours long. In at least one instance, Plaintiff worked 22 hours straight.

27. Plaintiff's schedule did not allow for at least 24 consecutive hours of rest in every calendar week.

28. Throughout his employment, Defendants paid Plaintiff at a wage rate of $10 per hour.

29. In violation of the FLSA and IMWL, Defendants failed to pay Plaintiff premium overtime wages of one and one-half times his regular rate of pay for each hour worked in excess of 40 in a single workweek.

30. In addition, for the duration of his employment, Defendants paid Plaintiff only in cash.

31. In order to conceal the cash payment scheme from various taxing and regulatory authorities, for at least ten months of his employment, Defendants created a monthly paycheck for Plaintiff, in the amount of $1,000 minus various deductions. Each month, Defendant Tadros provided Plaintiff a paystub showing $1,000 in gross wages subject to those deductions. Each pay stub had a paycheck attached, however, Tadros would rip the pay stub from the check, keep the check, and hand only the pay stub to Plaintiff.

32. At all times during his employment, Plaintiff was paid only in cash. He did not receive or negotiate any of the fraudulent paychecks.

33. On Sunday, August 19, 2016, Plaintiff completed a long shift ending at 5 o'clock a.m. Defendant Tadros demanded that he returned to work at 2 o'clock p.m., in violation of the One Day Rest in Seven Act. Tadros discharged Plaintiff the following day, for exercising his rights under the One Day Rest in Seven Act and failing to return to work at 2 o'clock p.m. on Sunday.

**COUNT I**
**FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207**
**UNPAID OVERTIME WAGES**

34. Plaintiff restates and incorporates by reference the preceding paragraphs as alleged above.

35. Through their actions described above, Defendants failed to pay Plaintiff his mandated overtime wages in violation of 29 U.S.C. § 207.

36. Defendants' violations of 29 U.S.C. § 207 were willful.

37. Defendants were joint employers of Plaintiff and are jointly and severally liable for the violations of 29 U.S.C. § 207.

WHEREFORE Plaintiff prays for relief as follows:

A. The entry of judgment in his favor and against Defendants on Count I, jointly and severally;

B. An order awarding Plaintiff an amount equal to his unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

C. An order awarding Plaintiff his costs, reasonable attorney's fees and litigation expenses pursuant to 29 U.S.C. § 216(b); and

D. Such other and further relief as the Court deems just and proper.

**COUNT II**
**ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/4a**
**UNPAID OVERTIME WAGES**

38. Plaintiff restates and incorporates by reference the preceding paragraphs as alleged above.

39. Through their actions described above, Defendants failed to pay Plaintiff his mandated overtime wages in violation of 820 ILCS 105/4a.

40. Defendants were joint employers of Plaintiff and are jointly and severally liable for the violations of 820 ILCS 105/4a.

WHEREFORE Plaintiff prays for relief as follows:

A. The entry of judgment in his favor and against Defendants on Count II, jointly and severally;

B. An order awarding Plaintiff his unpaid overtime wages plus a penalty in the amount of 2% of the underpayment per month for the length of the violation pursuant to 820 ILCS 105/12;

C. An order awarding Plaintiff his costs and reasonable attorney's fees pursuant to 820 ILCS 105/12;

D. An order awarding Plaintiff pre-judgment and post-judgment interest as provided by law; and

E. Such other and further relief as the Court deems just and proper.

## COUNT III
## RETALIATORY DISCHARGE

41. Plaintiff restates and incorporates by reference the preceding paragraphs as alleged above.

42. The One Day Rest in Seven Act, at 820 ILCS 140/2, provides: "Every employer shall allow every employee except those specified in this Section at least twenty-four consecutive hours of rest in every calendar week in addition to the regular period of rest allowed at the close of each working day."

43. Defendants regularly and routinely violated 820 ILCS 140/2 by failing to provide Plaintiff with 24 hours of rest in every calendar week.

44. On August 20, 2016, Defendant Tadros discharged Plaintiff in retaliation for his exercise of rights under the One Day Rest in Seven Act.

45. Plaintiff's discharge violated a clear mandate of public policy.

46. Defendant Ogden Minuteman is liable for the retaliatory discharge under the principal of respondeat superior.

WHEREFORE Plaintiff prays for relief as follows:

A. The entry of judgment in his favor and against Defendants on Count III, jointly and severally;

B. An order awarding Plaintiff make-whole relief including back pay, reinstatement, or front pay in lieu of reinstatement, compensatory damages, and other make-whole legal and equitable relief;

C. An order awarding Plaintiff punitive damages; and

D. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all jury issues.

Dated: November 3, 2016

Respectfully submitted,

/s Marni Willenson
MARNI WILLENSON
marni@willensonlaw.com
SAMANTHA KRONK
skronk@willensonlaw.com

WILLENSON LAW, LLC
542 S. Dearborn St., Suite 610
Chicago, IL 60605
(312) 546-4910
(312) 508-5382 Fax

Attorneys for Plaintiff